IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTY BOANES, JUNIOR | : | |
| Plaintiff, | : | CIVIL NO. 1:11-CV-0158 |
| v. | : | Hon. John E. Jones III |
| JACQUELINE K. MATTER, *et al.*, | : | |
| Defendants. | : | |

## **MEMORANDUM**

January 31, 2011

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Marty Boanes, Junior ("Plaintiff" or "Boanes"), a state inmate who currently is housed at the Clinton County Correctional Facility ("CCCF") in McElhattan, Pennsylvania, initiated the above action *pro se* by filing a Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) He simultaneously filed a Motion for leave to proceed *in forma pauperis* (Doc. 2) in this action.

Based on the request to proceed *in forma pauperis*, the Complaint is before the Court for screening under the provisions of 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## I. ALLEGATIONS OF THE COMPLAINT

In his Complaint, which is dated January 21, 2011, and which was filed on January 24, 2011, Boanes explains that, since early 2009, the Pennsylvania Department of Corrections ("DOC") has been housing state inmates at the CCCF pursuant to a contract, and that he was transferred from the Frackville State Correctional Institution ("SCI Frackville") to the CCCF on January 19, 2011. (Doc. 1 at 2 § IV. ¶ 1.) Boanes alleges that, since his transfer to the CCCF, he had not been provided with "necessary or reasonable time" to perform legal research and that the law library does not have the books he needed to research and file a petition for writ of habeas corpus. (*Id.* ¶¶ 2-3.) He specifically alleges that the law library does not have "relevant state and federal statutes, Shepard[']s citations, basic treatises on habeas corpus, prisoners' civil rights, etc..." (*Id.* ¶ 3.)

As relief, Plaintiff requests that the Court award him $200,000 and/or transfer him back to a DOC facility. He also requests an extension of time to file a federal habeas corpus petition. (*Id.* at 3 § V.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim

on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Ashcroft v. Iqbal*, - - - U.S. - - - - , 129 S.Ct. 1937, 1949 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d

3

Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

## III. DISCUSSION

In the section of his form Complaint requiring Boanes to state whether he has exhausted his administrative remedies before filing this action, he admits that he has not filed a grievance concerning the facts relating to his Complaint. (Doc. 1 at 1 § II. ¶ B.) In explaining his failure to even initiate the grievance process, Plaintiff states that, "Numerous inmates have filed grievance [*sic*] concerning this issue to no avail." (*Id.*)

The Prison Litigation Reform Act ("PLRA") requires inmates to present their claims through an administrative grievance process before filing suit in federal court. Specifically, section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to **all** inmate suits about prison life, whether

4

they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (emphasis added).

"'[I]t is beyond the power of this court- or any other- to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.'" *Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir. 2000) (quoting *Beeson v. Fishkill Corr. Facility,* 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing *Weinberger v. Salfi,* 422 U.S. 749, 766 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis,* 204 F.3d at 71. The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. *Woodford v. Ngo,* 548 U.S. 81, 92 (2006). Nevertheless, failure to exhaust is an affirmative defense to be raised by a defendant, and therefore, the burden is on a defendant to plead and prove it. *See Ray v. Kertes*, 285 F.2d 287, 295 (3d Cir. 2002).

Notwithstanding Boanes' failure to exhaust his administrative remedies, we find that his Complaint should be dismissed for failure to state a claim upon which relief may be granted. Boanes alleges that, since his arrival at the CCCF two (2) days before he prepared his Complaint, the CCCF had failed to provide him with necessary

or reasonable time to perform legal research and with an adequate law library to research and file a federal petition for writ of habeas corpus. (*See* Doc. 1 at 2 § IV.) We construe his claim as one of denial of access to the courts in violation of the First Amendment. Prison inmates have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Court clarified that "[t]he tools [*Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." 518 U.S. at 355.

In order to sustain a claim for denial of the right of access to the courts based on an inadequate law library, an inmate must allege an "actual injury" to his litigation efforts; to establish actual injury, an inmate plaintiff must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. *Id.* at 349; *see also O'Connell v. Williams*, 241 Fed. Appx. 55, 57 (3d Cir. 2007). In other words, "an inmate cannot establish a relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."

6

*Lewis*, 518 U.S. at 351. This pleading requirement of actual injury stems "from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches . . . It is the role of courts to provide relief to claimants . . . who have suffered , or will imminently suffer, actual harm . . . ." *Id.* at 349.

In *Christopher v. Harbury,* 536 U.S. 403 (2002), the Supreme Court held that, in order to state a claim for denial of access to courts, a party must identify all of the following in the complaint: 1) a non-frivolous, underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense that is not otherwise available in a future action. *Christopher,* 536 U.S. at 415. Accordingly, in order to be successful on a right of access to the courts claim, a plaintiff must plead that he lost an opportunity to file a case in court and that he could not subsequently file that case after the interference with the right of access to the court ceased. *Id.* The Supreme Court in *Christopher* observed that the "very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong . . . . the right [of access to the courts claim] is ancillary to the underlying claim, without which the plaintiff cannot have suffered injury by being shut out of court." *Id.* at 414-15.

In the instant case, Boanes has not stated a claim upon which relief may be

granted because he has not alleged an actual injury to his litigation efforts that has resulted in his being shut out of court. In particular, although he claims that he was deprived of reasonable time during his first two (2) days at the CCCF to perform legal research, and that the CCCF law library does not contain adequate resources to allow him to prepare a federal habeas petition, he does not allege that these alleged inadequacies resulted in his loss of the opportunity to file his federal habeas petition. This lack of an actual injury is apparent in the fact that, one (1) day after filing the instant action, on January 25, 2011, Boanes filed with this Court a petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2254 that has been docketed at Civil No. 1:11-CV-0169. Because Boanes successfully has filed the action that he claimed he was precluded from filing, he cannot plead the essential element of actual injury necessary to sustain an access to the courts claim, and no amendment to his Complaint would allow him to do so. Accordingly, the instant Complaint will be dismissed with prejudice, and this action will be closed. An appropriate Order will enter.